**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| CUBA ALASKA MARTIN, III, | : | CIVIL ACTION NO. |
| Hall Cnty. ID # 313112, | : | 2:14-CV-00156-RWS-JCF |
|     Plaintiff, | : | |
| | : | |
|     v. | : | |
| | : | |
| HALL CNTY. SHERIFF'S OFFICE, | : | PRISONER CIVIL RIGHTS |
| HALL CNTY. COM'R'S OFFICE, | : | 42 U.S.C. § 1983 |
| SERGEANT JEFF ASHLEY, | : | |
| SERGEANT ROBERT APPELL, | : | |
| JAILER ALLISON, | : | |
| OFFICER SPRAGUE, | : | |
|     Defendants. | : | |

**MAGISTRATE JUDGE'S NON-FINAL**
**REPORT AND RECOMMENDATION**

Plaintiff's complaint in this 42 U.S.C. § 1983 action was docketed on July 14, 2014. (Doc. 1). Plaintiff, who is confined at the Hall County Detention Center ("HCDC"), received leave to proceed IFP on July 17. (Doc. 4). This matter is now ready for an initial screening.

**I.    The Legal Framework**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598

F.3d 734, 737 (11th Cir. 2010).  Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted).  A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and "only a complaint that states a plausible claim for relief survives." *Id.* at 678-79.  To be plausible, the complaint must contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct." *Id.* at 679.

AO 72A
(Rev.8/82)

II.    **The Complaint**

Plaintiff sues (1) the Hall County Sheriff's Office, (2) the Hall County Commissioner's Office, (3) Sergeant Jeff Ashley, (4) Sergeant Robert Appell, (5) Jailer Allison and (6) Officer Sprague.  (Doc. 1 at 3).  Plaintiff presents the following allegations.

On April 3, 2014, Plaintiff was locked down for the day in his HCDC cell after Jailer Allison had discovered and removed the jamming device that Plaintiff had placed in his cell door to allow him to leave his cell on both daily rotations.  (*Id.*). Plaintiff used the call button in his cell to ask for a visit with the nurse, but no one responded.  "So [he] flooded [his] cell."  (*Id.*).  An officer turned off the water, and Ashley, Appell and Sprague arrived.  (*Id.*).  Ashley entered Plaintiff's cell, pointing a taser at him.  Plaintiff asked that he not be tased while standing in water, complied with instructions, and was handcuffed behind his back.  But when he was asked to get down, he protested because the floor was wet.  (*Id.* at 4).  He was then "slammed . . . in the water on his stomach."  (*Id.*).  "Officer Sprague was pushing [Plaintiff's] face in the water and choking [him] at the same time.  Sergeant Ashley was punching [him] in the back of [his] head while [Plaintiff] tried to turn so [he] could breathe," and "Appell was kicking" him.  (*Id.*).  The officers then "manhandled" Plaintiff down the

3

stairs despite his protests of pain in his arms.  Sprague and Allison "slammed

[Plaintiff's] face twice into the steel door while [he was] still handcuffed."  (*Id.*).

When he got through the door, "Ashley slammed [Plaintiff] on [his] chin."  Plaintiff

"immediately started bleeding from under [his] chin and [his] lips and mouth."  (*Id.*).

Plaintiff alleges that the Defendants scarred his shoulders and caused "a knot

under [his] left eye from the door," as well as scratches on his neck and knots on the

back of his head.  (*Id.*).  He asks for a public apology, anger management classes for

his alleged attackers, and $30,000 in damages.  (*Id.*).

**III.   Discussion**

      **A.   Plaintiff's Excessive Force Claims May Proceed Against Ashley, Appell And Sprague, But Not Against Allison.**

In determining whether the use of force against a prisoner has violated the

Eighth Amendment, a court must weigh the following factors: (1) the need for the use

of force, (2) the relationship between the need and the amount of force, (3) the threat

that the prison official reasonably perceived, (4) the efforts made to temper the severity

of the force used, and (5) the extent of the prisoner's injuries.  *Hudson v. McMillian*,

503 U.S. 1, 7 (1992); *see also Skrtich v. Thornton*, 280 F.3d 1295, 1304 (11th Cir.

2002) (noting that "[t]he law of excessive force in this country is that a prisoner cannot

4

be subjected to gratuitous or disproportionate force that has no object but to inflict

pain").

> The Supreme Court has stated that prison administrators should be given
> wide-ranging deference in their decisions regarding prison security,
> especially when confronting actual unrest, such as a riot. *Whitley v.
> Albers*, 475 U.S. 312, 321-22 (1986) (citation omitted). However,
> officials may not use force against a prisoner who has already been
> subdued because "[t]he use of force must stop when the need for it to
> maintain or restore discipline no longer exists." *Skrtich*, 280 F.3d at 1304
> (citation omitted); *see also Danley v. Allen*, 540 F.3d 1298, 1309 (11th
> Cir. 2008) ("When jailers continue to use substantial force against a
> prisoner who has clearly stopped resisting–whether because he has
> decided to become compliant, he has been subdued, or he is otherwise
> incapacitated–that use of force is excessive.).

*Council v. Sutton*, 366 Fed. Appx. 31, 36-38 (11th Cir. 2010) (citations altered)

(affirming denial of qualified immunity to deputies who used taser and shotgun with

beanbag rounds against prisoner who alleged "he remained subdued and on the floor

while the Deputies used the taser and shotgun on him").

Here, Plaintiff has pled "sufficient factual matter, accepted as true, to state a

claim to relief that is plausible on its face," *see Iqbal*, 556 U.S. at 678, that Sergeants

Ashley and Appell and Officer Sprague used excessive force against him after he had

been subdued and was compliant, including slamming his head twice into a steel door

and slamming his chin, causing it to bleed (*see* Doc. 1 at 4). Plaintiff, however, has not

5

alleged sufficient facts to state a plausible claim against Jailer Allison, who he contends locked Plaintiff down for the day after discovering Plaintiff's jamming device in his cell door, but who apparently played no role in the use of force against Plaintiff. (*See* Doc. 1 at 3-4).

### B. <u>Plaintiff May Not Sue The Hall County Sheriff's Office.</u>

Plaintiff has named the Hall County Sheriff's Office as a Defendant.  The Eleventh Circuit has held, however, that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992); *see also Lovelace v. DeKalb Cent. Prob.*, 144 Fed. Appx. 793, 795 (11th Cir. 2005) (concluding that under Georgia law DeKalb County Police Department is not legal entity amenable to suit); *Bunyon v. Burke County*, 285 F. Supp. 2d 1310, 1328-29 (S.D. Ga. 2003) ("Based upon Georgia law and cases from this circuit, the Court can find no basis for allowing Plaintiff to sue the Midville Police Department."); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (holding that a department that is "merely the vehicle through which the [local] government fulfills its policing functions. . . . is not an entity subject to suit").  Plaintiff may not sue the Hall County Sheriff's Office in this action.

AO 72A
(Rev.8/82)

**C.**   **Plaintiff Also May Not Sue The Hall County Commissioner's Office Or Hall County On The Facts Alleged In His Complaint.**

Plaintiff has not stated a plausible claim for relief against the Hall County Commissioner's Office or against Hall County.  "A county's liability under § 1983 may not be based on the doctrine of respondeat superior."  *Grech v. Clayton County*, 335 F.3d 1326, 1329 (11th Cir. 2003) (*en banc*) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Rather, "[a] county is liable under section 1983 only for acts for which [the county] is actually responsible," and "a county is liable only when the county's official policy causes a constitutional violation."  *Grech*, 335 F.3d at 1329 (internal quotations omitted).

> Plaintiff may demonstrate that a policy or custom exists by identifying: (1) an officially promulgated policy; (2) an unofficial custom or practice shown through repeated acts of a final policymaker, *Grech*, 335 F.3d at 1329; or (3) an action by a decisionmaker who "possesses *final authority* to establish *municipal policy* with respect to the action ordered." *Quinn v. Monroe County*, 330 F.3d 1320, 1325 (11th Cir. 2003).

*Demmons v. Fulton County*, No. 1:09-CV-2312, 2010 U.S. Dist. LEXIS 90829, at *46 n.43 (N.D. Ga. Aug. 2, 2010) (citation altered) (internal quotation omitted), *adopted by* 2010 U.S. Dist. LEXIS 88380 (N.D. Ga. Aug. 25, 2010).

A local governing body's failure to correct the unconstitutional actions of its

7

employees can amount to a custom or policy if it "tacitly authorizes these actions or displays deliberate indifference towards the misconduct." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1308 (11th Cir. 2001) (internal quotation omitted); *see also Williams v. DeKalb County*, 327 Fed. Appx. 156, 160 (11th Cir. 2009) ("A police department's failure to train or supervise its officers can constitute a policy sufficient to trigger governmental liability but only in limited circumstances, such as when that failure amounts to deliberate indifference to the rights of persons with whom the police come into contact." (internal quotations omitted)).   "To establish deliberate indifference, 'a plaintiff must present some evidence that the [county] knew of a need to train and/or supervise in a particular area and the [county] made a deliberate choice not to take any action.' " *Id.* (quoting *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998)).

Plaintiff has not alleged that the Hall County Commissioner's Office or Hall County had a policy, "officially promulgated," *see Demmons*, 2010 U.S. Dist. LEXIS 90829, at *46 n.43, or otherwise; or a custom or practice, "pervasive and well-settled," *see Doe v. Sch. Bd.*, 604 F.3d 1248, 1263 (11th Cir. 2010), or otherwise, to allow the use of excessive force against detainees at the HCDC.  Nor has Plaintiff alleged that the Commissioner's Office or the County was on notice of any such policy, custom or

8

practice.   Plaintiff's complaint thus does not "contain sufficient factual matter, accepted as true, to state a claim to relief [against the Hall County Commissioner's Office or Hall County] that is plausible on its face." *See Iqbal*, 556 U.S. at 678.

## IV.   <u>Conclusion</u>

**IT IS RECOMMENDED** that Plaintiff's claims that Sergeant Jeff Ashley, Sergeant Robert Appell and Officer Sprague used excessive force against him at the Hall County Detention Center on April 3, 2014 be **ALLOWED TO PROCEED**, and **IT IS FURTHER RECOMMENDED** that the Hall County Sheriff's Office, the Hall County Commissioner's Office, and Jailer Allison be **DISMISSED** from this action.

If the District Court allows one or more of Plaintiff's claims to proceed, the Clerk is **DIRECTED** to resubmit this matter to the undersigned for further proceedings.

**SO RECOMMENDED** this 10th day of October, 2014.


 /s/  *J. CLAY FULLER*
J. CLAY FULLER
United States Magistrate Judge

9